IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID GONZALES REYMUNDO,<br><br>                 Petitioner,<br><br>   vs.<br><br>CAL TERHUNE,<br><br>                 Respondent. | Case No. CV F-00-6494 JKS<br><br>O R D E R |

     David Gonzales Reymundo seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Docket Nos. 1 (Pet.); 18 (Answer); 21 (Traverse). Reymundo was convicted of burglary and in bifurcated proceedings waived his right to a jury trial on allegations that he had two prior convictions for felonies and four separate prison terms. The court found five of the prior conviction allegations true and one not true. Pursuant to the California Three Strikes law, Reymundo was sentenced to 13 years imprisonment to be served prior to an indeterminate 25-year-to-life term. The petition raises essentially three grounds upon which, Reymundo argues, habeas relief should be granted. The grounds are: (1) There was insufficient evidence to support the use of several prior convictions for three strikes purposes; (2) prosecutorial misconduct deprived Reymundo of due process; and (3) Reymundo suffered ineffective assistance of counsel. These arguments are addressed in order.

## DISCUSSION

     Reymundo's petition post-dates the April 24, 1996, enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which governs federal court procedure for habeas corpus petitions. AEDPA permits a federal court to grant relief in habeas petitions only if the state court's

1

decision:  (1) was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(1)–(2).  "The first prong applies both to questions of law and to mixed questions of law and fact, while the second prong applies to decisions based on factual determinations."  *Davis v. Woodford*, 384 F.3d 628, 637 (9th Cir. 2004) (citations omitted).  A state court's determination is "'contrary to' federal law if the state court (1) 'applies a rule that contradicts the governing law' set forth in Supreme Court case authority or (2) applies controlling law to a set of facts that are 'materially indistinguishable' from a Supreme Court decision but nevertheless reaches a different result."  *Ortiz-Sandoval v. Clarke*, 323 F.3d 1165, 1169 (9th Cir. 2003) (citing and quoting *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003)).  A state court's decision is an "unreasonable application" of federal law if it is "objectively unreasonable," which "requires the state court decision to be more than incorrect or erroneous."  *Lockyer*, 538 U.S. at 75.

I.     **Sufficiency of the Evidence**

Reymundo argues that there was insufficient evidence regarding three of his prior convictions used to qualify him for California's Three Strikes Law.  Under the United States Supreme Court's decision in *Jackson v. Virginia*, 443 U.S. 307 (1979), Reymundo would be "entitled to habeas corpus relief if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt."  *Id*. at 324.  In performing this inquiry, the Court must review the record in the light most favorable to the prosecution.  *Id*.

1.     **Prior Conviction For Assault With a Deadly Weapon**

Reymundo contends that the evidence is insufficient to show that he was convicted of assault with a deadly weapon on a peace officer, rather than assault by means likely to produce great bodily injury, and that the trial court erred in finding that the offense was a "serious felony" for purposes of the Three Strikes Law.  At the time of Reymundo's conviction for assaulting an officer, such an assault could be committed either (1) with a deadly weapon or instrument, other than a firearm; or (2) by means likely to produce great bodily injury.  *See* Docket No. 18, Ex. 5 at 4.  Under the Three

ORDER

Strikes definition of "serious felony" only assault on a peace officer with a deadly weapon or instrument—not assault by means likely to produce great bodily injury—qualifies for sentence enhancement. *See* Cal. Penal Code § 1192.7(c).

In support of using Reymundo's conviction as a "strike," the prosecutor submitted a copy of the information and Reymundo's signed "declaration regarding guilty plea." Clerk's Transcript (CT) at 92–98. The information charged Reymundo with violating:

> Section 245(b) of the Penal Code of the State of California, in that the said defendant(s) did willfully and unlawfully commit an assault with a deadly weapon, to wit, an automobile, and by means of force likely to produce great bodily injury, on the person of Steve Detjen, a peace officer then and there engaged in the performance of his duties.

CT at 92.[1] Reymundo pleaded guilty to the offense. In his declaration regarding the plea, he handwrote the factual basis for the plea of guilty: "I rammed a police car twice with Detective Detjen inside while attempting to escape arrest." CT at 96. He initialed the box directly adjacent to this statement and signed the declaration. *Id*.; CT at 98. Additionally, he signed the following statement: "I have read, discussed and have had explained to me by my attorney each of the above items, and understand the same. I have initialed each item as proof thereof." CT at 98. Furthermore, when Reymundo entered his plea the prosecutor stated the factual basis as follows: "the Defendant assaulted with a deadly weapon, specifically an automobile, Officer Steve Detgen of the Madera Police Department, a peace officer." CT at 105. The court asked Reymundo's attorney if he had any comments about the factual basis for the charge recited by the prosecutor, to which he replied "No, Your Honor." *Id*. The court then asked Reymundo, "you understand the charges against you so that it's not necessary for me to read them?" Reymundo answered "yes." *Id*.

The evidence submitted to show that Reymundo assaulted an officer with a deadly weapon rather than merely with force likely to produce great bodily injury was more than sufficient to support its use for Three Strikes purposes. The California Court of Appeal's finding to this effect was not contrary to, or an unreasonable application of, clearly established federal law.

---

[1] In California, so long as the evidence shows the requisite intent, "[a] car can be operated in such a manner as to constitute a deadly weapon." *People v. Jones*, 176 Cal. Rptr. 398, 406 (Cal. Ct. App. 1981).

ORDER

**2.     Separate Prior Prison Terms**

Reymundo argues that there is insufficient evidence that his 1969 robbery term and 1976 vehicle theft term were separate prison terms, and that his 1976 vehicle theft term and 1977 receiving stolen property term were separate prison terms.

Under the Three Strikes Law, a prior separate prison term means:

> a continuous completed period of prison incarceration imposed for the particular offense alone or in combination with concurrent or consecutive sentences for other crimes, including any reimprisonment on revocation of parole which is not accompanied by a new commitment to prison, and including any reimprisonment after an escape from incarceration.

Cal. Penal Code § 667.5(g). In California, "a prisoner who is incarcerated on both a parole revocation and a new commitment is subject to an enhancement for the offense for which he was on parole." *In re Kelly*, 655 P.2d 1282, 1285 (Cal. 1983) *overruled on other grounds by People v. Langston*, 95 P.3d 865 (Cal. 2004). Thus,

> a prior separate prison term is defined as that time period a defendant has spent actually incarcerated for his offense prior to release on parole. In addition, if the defendant has violated his parole and has been sent back to prison, but has not received a new commitment, that time block is deemed to be continuing. If defendant has been returned with the addition of a new commitment, however, the time block is not continued, and only that portion of prison time spent prior to release on parole constitutes the prior separate prison term.

*Id*. at 1284. Furthermore, a "completed period of prison incarceration" for purposes of the Three Strikes Law means a "base prison period, prior to parole, and possibly upon revocation of parole (but only if not accompanied by a new commitment), has been served." *Id*. at 1287.

<u>A.  Robbery and Vehicle Theft Imprisonment Terms</u>

The record reflects that Reymundo was convicted of armed robbery on October 9, 1969, and was received into prison on October 24, 1969. CT at 58, 65. He was released on parole on May 12, 1975, but his parole was suspended and he was returned to prison on November 4, 1975. He was again released on parole on March 1, 1976. During this period of parole, he stole a vehicle, for which he was convicted on June 14, 1976, and committed to prison on June 28, 1976. CT at 63. The evidence sufficiently demonstrates that Reymundo was returned to prison not only because of a parole violation, but also for a new offense, thereby qualifying the prison term as separate. The

ORDER

Court of Appeal's decision on this issue was not contrary to, or an unreasonable application of, clearly established federal law.

### B.  Vehicle Theft and Receiving Stolen Property Imprisonment Terms

Reymundo next argues that there is insufficient evidence to prove that he served separate sentences for his vehicle theft conviction and receiving stolen property conviction.  The evidence shows that Reymundo was paroled on September 3, 1977, for his June 14, 1976 conviction for vehicle theft.  Docket No. 18, Ex. 15 at 398.  Thereafter he was held in custody on October 12, 1977, for receiving stolen property.  He was convicted of the offense on October 26, 1977, and received in prison November 28, 1977.  *Id*.; CT at 62.  The Court agrees with the Court of Appeal's conclusion that the evidence was sufficient to show that Reymundo served separate prison terms for vehicle theft and receiving stolen property.  As such, the California Court of Appeal's decision was not contrary to, or an unreasonable application of, clearly established federal law.

## II.     **Prosecutorial Misconduct**

Reymundo next argues that the prosecutor knowingly used perjured testimony and that doing so had a substantial injurious effect on the jury's verdict.  The contention is based on discrepancies between the testimony of two officers who responded to the scene.  One officer testified that when he arrived at the scene he moved Reymundo away from the garage where he had been trapped, handcuffed him, and put him in the back of his patrol car to await the arrival of another officer.  Docket No. 16, Ex. 18 at 132–33.  The second officer on the scene testified that when he arrived he saw the first officer removing Reymundo from the garage and that he did not remember which of them handcuffed him.  *Id*., Ex. 17 at 176–77.

As a preliminary matter, the State argues that Reymundo has not exhausted his prosecutorial misconduct and ineffective assistance of counsel arguments.  The state bases this contention on citations from the California Supreme Court in response to Reymundo's petition which, it argues, indicate that the claims were not alleged with sufficient particularity and that the petition did not clear the initial burden of pleading adequate grounds for relief.  *See* Docket No. 18, Ex. 13 (citing *In re Swain*, 209 P.2d 793 (Cal. 1949); *People v. Duvall*, 886 P.2d 1252 (Cal. 1995)).  The Court concludes, however, that the interests of judicial efficiency and comity are best served by reaching

ORDER

the merits of Reymundo's claims. *See Granberry v. Greer*, 481 U.S. 129, 131 (1987); *Boyd v. Thompson*, 147 F.2d 1124, 1127 (9th Cir. 1998).

The United States Supreme Court has "recognized that prosecutorial misconduct may 'so infec[t] the trial with unfairness as to make the resulting conviction a denial of due process.'" *Greer v. Miller*, 483 U.S. 756, 765 (1987) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). [I]f the prosecution knowingly uses perjured testimony, or if the prosecution knowingly fails to disclose that testimony used to convict a defendant was false, the conviction must be set aside if there is any reasonable likelihood that the false testimony could have affected the jury verdict." *United States v. Endicott*, 869 F.2d 452, 455 (9th Cir. 1989).

Reymundo's claim is without merit. Any discrepancy in the officers' testimony was minor. Furthermore, a prosecutor who presents witnesses with contradictory testimony does not necessarily *knowingly* present perjured testimony. *See, e.g., United States v. Sherlock*, 962 F.2d 1349, 1346 (9th Cir. 1989). There is no reasonable likelihood that the discrepancy in the officers' testimony could have affected the jury verdict.

### III.    Ineffective Assistance of Counsel

Finally, Reymundo argues that he received ineffective assistance of counsel. He asserts that his trial counsel was ineffective for "failing to investigate out-of-court conversations during which perjurious testimony was developed." Docket No. 2 (Mem.) at 27. In support of this contention, Reymundo cites the testimony of a police officer. Docket No. 18, Ex. 17 at 169. Reymundo's attorney asked the officer if he had spoken to the victims of the burglary "in the hall . . . outside the courtroom." *Id*. The officer answered "yes," and defense counsel did not pursue the matter further.

The Constitution guarantees the right to a fair trial through the Due Process Clauses of the Fifth and Fourteenth Amendments and defines the basic elements of a fair trial in the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 684–85 (1984). A fair trial, in essence, "is one in which evidence subject to adversarial testing is presented to an impartial tribunal for resolution of issues defined in advance of the proceeding." *Id*. at 685. Because the right to counsel plays such a crucial role in the adversarial system, it is not enough that a lawyer merely be present at courtroom proceedings; a lawyer must, at the very least, demonstrate a basic level of competency.

ORDER

*Id*. This conclusion follows directly from the purpose of the Sixth Amendment, which "is to ensure that a defendant has the assistance necessary to justify reliance on the outcome of the proceeding." *Id*. at 691–92. To make a successful Sixth Amendment ineffective counsel challenge to a state court judgment, a petitioner must demonstrate that (1) his trial counsel's performance fell below an objective standard of reasonableness, and (2) but for these deficiencies, a reasonable probability exists that the outcome of the trial would have been more favorable to him. *Id.* at 687–88, 691–92.

Reymundo cannot satisfy either prong of the *Strickland* test. He merely states that "[t]rial counsel was made aware of conversations held among prosecution witnesses regarding their testimony, yet counsel failed to investigate." Docket No. 1 at 27. The citation to the record provided by Reymundo shows that counsel asked questions on cross-examination regarding the out of court contact between prosecution witnesses. This is insufficient to show that trial counsel's performance fell below an objective standard of reasonableness. Additionally, there is no reasonable probability that but for counsel's failure to look into these conversations further the outcome would have been more favorable to Reymundo.

**IT IS THEREFORE ORDERED:**

Reymundo's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED**. The Court is of the view that a certificate of appealability should be addressed now, rather than after Reymundo's petition and the issues it presents fade from memory. Appeal may not be taken without a certificate of appealability from either this Court or from the Ninth Circuit Court of Appeals. 28 U.S.C. § 2253.[2] The standard for granting a certificate of appealability has been stated

---

[2]Section 2253 of Title 28 of the United States Code provides in relevant part:
(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
(B) the final order in a proceeding under section 2255.
(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

ORDER

as follows: "Where a district court has rejected the constitutional claims on the merits . . . [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *United States v. Zuno-Arce*, 339 F.3d 886, 888–89 (9th Cir. 2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Reymundo has made no such showing. The Court will therefore **DENY** a certificate of appealability. Reymundo may seek a certificate of appealability directly from the Ninth Circuit Court of Appeals' motions panel.

Dated at Anchorage, Alaska, this  18  day of August 2005.

                                                                                   /s/ James K. Singleton
                                                                    **JAMES K. SINGLETON, JR.**
                                                                       United States District Judge

---

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

ORDER